UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**
**JS-6**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-08860-SPG-SSC | Date | November 10, 2025 |
| Title | Wilmington Trust, National Association v. Martiza Escoto et al | | |

| Present: The Honorable | SHERILYN PEACE GARNETT UNITED STATES DISTRICT JUDGE |
|---|---|
| P. Gomez | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceeding:** (IN CHAMBERS) ORDER REMANDING THE ACTION TO THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

On December 19, 2024, Plaintiff Wilmington Trust, N.A. ("Plaintiff") filed this action in California Superior Court. (ECF No. 1 at 7). On June 6, 2025, Escoto removed the case to federal court, invoking the Court's federal question jurisdiction. *See* (ECF No. 1-1 at 81-82). On June 9, 2025, the Court, on its own motion, remanded the action to state court. *See* (*id.* at 82). On September 17, 2025, Escoto again removed the case to federal court, again invoking the Court's federal question jurisdiction as the basis for removal. *See* (ECF No. 1 at 1). Thereafter, on October 23, 2025, Escoto filed a Motion to Dismiss (ECF No. 28) and, on November 7, 2025, filed an *Ex Parte* Application for a Temporary Restraining Order (ECF No. 33).

As the Court previously explained, federal courts have an independent duty to consider their subject matter jurisdiction in every case. *See* (*id.* at 82 (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) and *Wilkins v. United States*, 598 U.S. 152, 157 (2023)). "Under the 'well-pleaded complaint rule,' federal court jurisdiction exists only if the 'federal question is presented on the face of the plaintiff's properly pleaded complaint.'" (*Id.* at 83 (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). As such, "federal question jurisdiction 'cannot be predicated on an actual or anticipated defense.'" (*Id.* (quoting *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009)).

Here, "the state court complaint asserts just one cause of action for unlawful detainer based upon California Code of Civil Procedure § 1161(a)." (*Id.*); *see also* (ECF No. 1 at 28-31). Therefore, "the Complaint does not contain a federal question because the sole cause of action alleged against Escoto (and her co-Defendant, Clifton Kerr) is purely a California state law claim." (*Id.* at 83). As such, the Court lacks subject matter jurisdiction to hear this case. *See* (*id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**
**JS-6**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-08860-SPG-SSC | Date | November 10, 2025 |
| Title | Wilmington Trust, National Association v. Martiza Escoto et al | | |

Therefore, the Court, on its own motion, REMANDS this Case to the California Superior Court for Los Angeles County. The Court further DENIES Escoto's Motion to Dismiss and *Ex Parte* Application as moot.

**IT IS SO ORDERED.**

:

Initials of Preparer   pg